## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

**MARY CATHERINE MITCHELL,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　Case No. 2:24-cv-00498

**FCA US LLC,**

    **Defendant.**

---

### JOINT PROPOSED DISCOVERY PLAN

Pursuant to the Court's Order of October 24, 2024 (See, Dkt. 7), Mary Catherine Mitchell, Plaintiff, by counsel, and FCA US LLC, Defendant, by counsel submit this Proposed Joint Discovery Plan in accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 26(a). Counsel for the parties conferred prior to the pretrial conference to consider claims, defenses, and possibilities of a prompt settlement or resolution of the case, initial disclosures, and a trial before a magistrate judge.

1. **Initial Pretrial Conference: On November 4, 2024**, the parties conferred to accomplish the purposes required by Federal Rule of Civil Procedure Rule 26(f).

2. The **Rule 16(B) Scheduling and Planning Conference** is Ordered to be conducted remotely on **December 2, 2024, at 9:30 a.m**. and the parties shall report orally their discovery plan to the Court. See, Dkt 7.

3. **Initial Disclosures:** The parties agree to complete and exchange initial disclosures **on or before December 16, 2024**.

4. **Trial Before a Magistrate Judge**: The parties do not consent to trial by a magistrate judge.

5. **Settlement/Early Resolution:** The parties have engaged in preliminary discussions regarding early resolution of the case and will continue to do so.

    a. **Discovery Plan:** The parties anticipate that they will need discovery regarding the facts set forth in Plaintiff's Complaint; Defendant's Answer to Plaintiff's Complaint, and Plaintiff's damages. The parties agree that the scope of discovery shall be limited to those topics permissible under Fed. R. Civ. P. 26(b). Counsel generally expects discovery on the claims set forth in Plaintiff's Complaint and the defenses set forth in the Defendant's Answer to the Complaint. Counsel do not anticipate that discovery will need to be conducted in phases or limited to or focused upon any issues. All Discovery is Ordered to be completed and exchanged **by or before May 28, 2025** (See, Dkt 7)**.** No party will be required to respond to a deposition notice or other form of discovery sooner than **December 30, 2024** (See, Dkt 7). The parties agree that the Plaintiff shall disclose experts **by or before March 29, 2025** (60 days before the date of completion of discovery); then by the Defendant (30) days thereafter -- **by or before April 28, 2025**. Plaintiff shall disclose contradictory and/or rebuttal evidence within (15) days days thereafter – by or before **May 13, 2025**.

    b. **Completion of All Forms of Expert Disclosures and Discovery:** The parties agree that all parties shall complete all forms of expert disclosure

and discovery **no later than July 30, 2025** (90 days prior to the scheduled trial date).

c. If a party needs or desires to propound more than thirty (30) interrogatories or take non-party, non-expert depositions exceeding the five (5) permitted under the Court's Scheduling Order or otherwise deviate from the Court's Scheduling Order, the parties will meet and confer and work together to resolve the needs or desires requested. If the parties cannot reach an agreement, the requesting party will file an appropriate motion seeking permission from the Court.

6. **Final Pretrial Conference:** The parties agree that a final pretrial conference will be set **on or before September 13, 2025** (45 days prior to the scheduled trial date).

7. **Depositions:** The parties shall make reasonable efforts to coordinate the scheduling of depositions with opposing counsel but will be governed by applicable rules regarding scheduling. The parties agree that remote depositions are the default standard for depositions, but in-person depositions are permissible if agreed upon in writing by the parties. The parties shall work together to resolve any questions pertaining to the taking of depositions, and if a question arises concerning deposition logistics, to submit the question to the magistrate judge or district court judge.

8. **Limits on Discovery:** The parties are not aware of any facts that would require a change in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Local Rules, or the Court's Scheduling Order.

9. **Additional Parties:** The parties may join additional parties only in accordance with the applicable federal and local rules.

10. **Discovery of Electronically Stored Information ("*ESI*"):** The parties will provide any ESI in their possession that is not privileged or protected, and which they may use to support their claims or defenses. With their initial disclosures or in response to discovery requests. To the extent that information contained in ESI is or becomes relevant to the proceedings, the parties agree to confer in good faith to devise a plan to produce such ESI in a usable and convenient form which does not unduly burden the other party.

11. **Electronic Service:** All pleadings, motions, and other papers filed with the Court shall be served electronically through Case Management/Electronic Case Files ("*CM/ECF*"). The parties agree to serve by electronic mail ("*e-mail*") on the opposing party's counsel all discovery requests and written discovery responses and any other papers that are not filed through CM/ECF and agree that service of such documents by e-mail is sufficient.

12. **Protective Order:** In the event that a protective order becomes necessary to govern the dissemination and disclosure of certain documents produced in this case, the parties agree to work together to submit an agreed-upon protective order for the Court's consideration and entry. The parties further agree that the provisions of any Protective Order submitted to the Court for entry will comply with Local Rule 5 (filing documents under seal).

13. **Claims or Privilege or Protection of Trial Preparation Materials:** Pursuant to Fed. R. Civ. P. 26(b)(5), the parties agree that they will assert claims of

privilege/protection through the use of privilege logs, which shall describe the nature of the withheld document in a manner that, without revealing information itself that is privileged or otherwise protected, will enable the other parties to assess the claims of privilege. If privilege or otherwise protected information is inadvertently produced during the course of discovery, the parties agree to employ a "*clawback*" provision in accordance with Fed. R. Civ. P. 26(b)(5)(B). The parties agree that personal identifiers shall be redacted from all publicly filed pleadings and exhibits in accordance with Local Rule 7(c).

**14. Trial:** The parties expect that this matter can be tried in two (2) days.

WHEREFORE the parties request that this Court enter an Order approving the parties' Joint Proposed Discovery Plan.

| | |
|---|---|
| **/s/ James B. Feinman (VSB 28125)** | **/s/ Michael J. Gregg (VSB 94531)** |
| James B. Feinman & Associates | RoseWaldorf PLLC |
| PO BOX 697 | 501 New Karner Road |
| Lynchburg, VA 24505 | Albany, NY 12205 |
| Ph: 434-846-7603 | Ph: 581-869-9200 |
| jb@jfeinman.com | mgregg@rosewaldorf.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November 2024 a copy of the foregoing was sent via the Court's CM/ECF system to:

**/s/ James B. Feinman (VSB 28125)**
James B. Feinman & Associates
PO BOX 697
Lynchburg, VA 24505
Ph: 434-846-7603

jb@jfeinman.com
*Attorney for Plaintiff*

**/s/ Michael J. Gregg (VSB 94531)**
RoseWaldorf PLLC
501 New Karner Road
Albany, NY 12205
Ph: 581-869-9200
mgregg@rosewaldorf.com
*Attorney for Defendant*